IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHENZHEN CENTER POWER TECH. CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> NICE NORTH AMERICA LLC, <br> Defendant. | Civil Action No. 3:25-cv-1672 |

## ORIGINAL COMPLAINT

Plaintiff Shenzhen Center Power Tech. Co., Ltd. ("Plaintiff") brings this trademark infringement and counterfeiting action against Defendant Nice North America LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to combat the blatant infringement of Plaintiff's U.S. Trademark Registration Numbers 6512818 (the "Plaintiff's Trademark") and to guard against consumer confusion in the marketplace. Defendant trades upon Plaintiff's associated reputation and goodwill in the Plaintiff's Trademark by selling and/or offering for sale unauthorized and unlicensed batteries using Plaintiff's Trademark and/or substantially indistinguishable variations (the "Counterfeit Products"). Defendant's infringing actions have been and continue to irreparably harm Plaintiff from the loss of its intellectual property rights in Plaintiff's Trademark, including the exclusive right to use Plaintiff's Trademark in commerce and in connection with similar goods. Plaintiff now seeks monetary and injunctive relief.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants target business activities toward consumers in Texas through at least the fully interactive and e-commerce websites www.amazon.com; https://www.homedepot.com/; https://www.lowes.com/; and https://www.tractorsupply.com/, as well as their storefronts in Texas. Other than these third-party channels, Defendant also offers to sell its Counterfeit Products through its own website https://mightymule.com/products.

4. Specifically, Defendants are reaching out to conduct business with Texas residents through such websites/ stores which Texas residents can and do purchase Defendant's Counterfeit Products that are using the Plaintiff's Trademarks and/or substantially indistinguishable variations. Defendants have targeted sales to Texas residents through such websites/store, which offers shipping to consumers in Texas, accepts payment in U.S. dollars, and, has sold Infringing Goods bearing Plaintiff's Trademark and/or substantially indistinguishable variations to consumers in Texas. Defendant is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

6. Plaintiff is a Chinese Corporation. Plaintiff is the owner of the Registered Trademark Registration Numbers 6512818. **Exhibit 1**.

7.      Defendant Nice North America LLC is a limited liability company organized under the laws of the State of California with an office address at 5919 SEA OTTER PLACE, SUITE 150, CARLSBAD, CA 92010.

8.      Upon information and belief, Defendant has its registered agent name and can be served at CSC - LAWYERS INCORPORATING SERVICE.

9.      Upon information and belief, all of Defendant's major managers and/or members can be found at 5919 SEA OTTER PLACE, SUITE 150, CARLSBAD, CA 92010.

## GENERAL FACTS AND ALLEGATIONS

10.     Plaintiff is the rightful owner of the following federal registered trademark:

| Registration Number | Trademark |
| --- | --- |
| 6512818 | VISION (stylized logo) |

11.     The certificates of registration of the Plaintiff's Trademark constitutes *prima facia* evidence of the validity and registration of the Plaintiff's Trademark, of Plaintiff's ownership of the Plaintiff's Trademark, and of Plaintiff's exclusive right to use the Plaintiff's Trademark in commerce or in connection with the goods specified in the certificate, pursuant to 15 U.S.C. § 1057(b).

12.     Since no later than August 2019, Plaintiff has been using Plaintiff's Trademark on its well-received power supply products, particularly batteries. Indeed, products bearing Plaintiff's Trademark have received overwhelmingly positive feedback from the market, with consumers

specifically seeking out such products, believing they are purchasing high-quality goods from Plaintiff.

13.    Defendant currently does not have a license nor any other form of authorization from Plaintiff to use Plaintiff's Trademark in commerce or in connection with International Class 9 goods.

14.    Defendants conduct business throughout the United States, including within the State of Texas, through various channels such as Amazon, Home Depot, Lowes, The Tractor Supply Co and Defendant's own website, which use Plaintiff's Trademark and/or substantially indistinguishable variations in commerce and in connection with Class 9 goods, including batteries. Indeed, Defendant's Counterfeit Products can be purchased easily in this judicial district.



15.     Defendant has offered to sell and have sold and continues to sell Counterfeit Products by using the Plaintiff's Trademark and/or substantially indistinguishable variations to consumers within the United States, including the State of Texas, via various channels as discussed *supra*. Exemplary screenshots of Defendant's listings offering the Counterfeit Products by using Plaintiff's Trademark are attached as Exhibit 2.

16. Defendant, without any authorization or license from Plaintiff, have knowingly and willfully used the Plaintiff's Trademark and/or substantially indistinguishable variations in commerce and in connection with goods of the same International Class 9, specifically, batteries.

17. Such unauthorized use of the Plaintiff's Trademark and/or substantially indistinguishable variations by Defendants for such similar goods is likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods, resulting in irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

18. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

19. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of Plaintiff's Trademark and/or marks that are substantially indistinguishable from Plaintiff's Trademark in connection with the sale, offering for sale, distribution, and/or advertising of Counterfeit Products.

20. Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using identical, substantially indistinguishable, and/or confusingly similar reproductions of Plaintiff's Trademark without Plaintiff's permission. Defendant's use of the infringing mark seeks to trick the consumer into believing he or she is getting the Plaintiff's genuine product, rather than a colorable imitation. As seen below, Defendant offers for sell its infringing product using Plaintiff's identical trademark.



21.     Plaintiff is the exclusive owner of Plaintiff's Trademark. Upon information and belief, Defendant has knowledge of Plaintiff's rights in Plaintiff's Trademark, and are willfully infringing and intentionally using Plaintiff's Trademark. Defendant's willful, intentional and unauthorized use of Plaintiff's Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

22.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of Plaintiff's Trademark.

24.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

26.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27.     Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Counterfeit Products by Plaintiff.

28.     By using Plaintiff's Trademark on the Counterfeit Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

29.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of Plaintiff's Trademark while falsely claiming a registered mark of this own is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiff's brands.

**COUNT III**
**TEXAS LAW-TEX. BUS. & COM. CODE ANN. § 16.103**

31.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.     Plaintiff's Trademark is famous and distinctive, and well-known throughout the United Staes and Texas as a distinctive source identifier for Plaintiff.

33. Defendant's acts as described herein began after Plaintiff's Mark became famous in Texas and are of such a manner that they are likely to dilute and have diluted Plaintiff's famous Plaintiff's Mark.

34. Defendant's wrongful conduct has injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's Trademark. If Defendant is not enjoined from continuing to wrongfully advertise, market, and sell goods and services using Plaintiff's Trademark and/or its colorable imitations, Defendant is likely to continue to injure Plaintiff's business reputation and dilute Plaintiff's Trademark.

35. Defendant's infringement of Plaintiff's Trademark is willful, intended to reap the benefit of the goodwill of Plaintiff.

36. Pursuant to Tex. Bus. & Com. Code Ann. § 16.103, Plaintiff is entitled to an injunction prohibiting Defendant from continuing to advertise, market, and sell goods or services using Plaintiff's Trademark and/or its colorable imitations.

## COUNT IV
## TEXAS COMMON LAW-UNFAIR COMPETITION

37. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38. Without Plaintiff's consent, Defendant has used the Plaintiff's Trademark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its Counterfeit Products in Texas.

39. Defendant's conduct has caused or is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's Counterfeit Products, in that consumers are likely to believe that Plaintiff has authorized Defendant's sale, offering for

sale, distribution, and/or advertising of its Counterfeit Products in Texas or that Defendant is associated with or related to Plaintiff.

40. Defendant's acts and conduct have damaged, is damaging, and will continue to damage Plaintiff's established goodwill and reputation and have resulted in losses to Plaintiff and an illicit gain of profit to Defendant in an amount that is unknown at this time. Defendant's wrongful conduct constitutes unfair competition pursuant to the common law of the State of Texas.

41. Defendant's infringement of Plaintiff's Trademark is willful, intended to reap the benefit of the goodwill of Plaintiff.

42. The aforesaid conduct of Defendant is causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court, Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That an injunction be issued enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

   a. using the Plaintiff's Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademark;

c. committing any acts calculated to cause consumers to believe that Defendant's Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Plaintiff's Trademark and damaging Plaintiff's goodwill;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which use any of Plaintiff's trademarks, including the Plaintiff's Trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

f. disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with Plaintiff's Trademark, or any other mark or designation that is confusingly similar to Plaintiff's Trademark;

g. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2) Directing that Defendant cancel any advertising regardless of medium (including but not limited to listings on its own websites and via any third-parties') using Plaintiff's Trademark, or any mark or designation that is confusingly similar to Plaintiff's Trademark;

3) Directing that Defendant deliver to Plaintiff for destruction at Defendant's cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other items using Plaintiff's Trademark, or any mark or designation that is confusingly similar to Plaintiff's Trademark;

4) Pursuant to 15 U.S.C. § 1117, that Defendant account for and pay to Plaintiff damages arising from Defendant's violation of the Lanham Act;

5) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and that the amount of damages for infringement of Plaintiff's Registered Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Registered Trademark;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

DATED: June 27, 2025

Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Tong Jin
Texas Bar No. 24110051

tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*